### Katz-Campbell Co. *vs.* Benjamin Mactaz.

AUGUST 11, 1949.

Present: Flynn, C. J., Baker, Condon and O'Connell, JJ.

PER CURIAM. This action in assumpsit was brought to recover damages for an alleged breach of warranty by the defendant in the sale of certain yarn to the plaintiff. It was tried in the superior court before a justice sitting with a jury and resulted in a directed verdict for the defendant. The case is before us on the plaintiff's exceptions to that decision and to a ruling admitting certain evidence during the trial.

The declaration is in four counts, of which the first, second and amended fourth counts are in *special assumpsit* to recover damages through a loss of profits resulting from an alleged breach of an express warranty that certain yarn sold by defendant to plaintiff was all rayon and weavable. The third count is in *indebitatus assumpsit* and contains the customary common counts. To each of these counts the defendant filed a "general plea," which was treated by the parties as a plea of the general issue, and also a further special plea to the first, second and fourth counts to the effect that the yarn was sold on an "as is" basis with no express or implied warranty.

The plaintiff concedes in his brief that there was no evidence of any loss of profits or other damage shown under the first, second and amended fourth counts in special assumpsit; that on such state of the evidence a directed verdict for the defendant was properly entered as to these counts; and that the plaintiff could recover, if at all, only under the third count, which is made up of the common counts in *indebitatus assumpsit*. The controlling issue therefore is whether there is any evidence, viewed most

favorably to the plaintiff, to warrant the submission of the case to a jury upon the question whether plaintiff had *rescinded* the contract so as to be entitled to a recovery of the purchase price in accordance with the remedies for breach of warranty as set forth in general laws 1938, chapter 464, §7 (1) (d).

The court as constituted at the time the case was argued is evenly divided as to whether there is any such evidence of plaintiff's rescission of the contract to warrant submission of the case to a jury. Under these circumstances plaintiff's exception cannot be sustained, and therefore the decision of the superior court directing a verdict for the defendant stands.

The case is remitted to the superior court for further proceedings.

*Albert L. Rosen, Isadore Levine,* of Massachusetts Bar, *George Ajootian,* for plaintiff.

*Louis M. Mactaz,* for defendant.